UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VEER BAHADUR SINGH,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

No. 2:17-cv-2186-JAM-EFB PS

ORDER

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

*Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); see also Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff brings this action against defendant Target Corporation, alleging claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. ECF No. 1. Plaintiff's complaint states that the alleged discrimination was based on plaintiff's religion, with the discriminatory acts transpiring in March 2015. *Id*. at 5. Plaintiff also alleges that "they framed me and fired me." *Id*. at 5. But the body of the complaint contains no further allegations in support of plaintiff's claims. However, plaintiff appended to the complaint a copy of the charge he filed with the Equal Employment Opportunity Commission. *Id*. at 8-9. That charge claims that plaintiff began working for defendant in 2004. *Id*. at 8. It further states that in July 2014, plaintiff "complained of discrimination to . . . Target['s] Integrity Hotline," but defendant took no action. *Id*. It also claims that in March 2015, plaintiff made a request to Leticia Murphy, a human resource manager, to be trained as a cashier. Plaintiff was allegedly informed that he

could not work as a cashier because he wears a turban. *Id.* The charge also alleges that plaintiff's employment was terminated in June 2015 for allegedly violating defendant's policies. *Id.* Based on these allegations, the charge alleges that plaintiff was "discriminated against because of [his] Religion [sic] (Sikh)" and "retaliated against for [his] participation in protected activities." *Id.*

The complaint's allegation, including the allegations contained in the charge filed with the EEOC, are insufficient to state discrimination and retaliation claims under Title VII. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color religion, sex, or national origin." 42 U.S.C. § 2000e-2. To state a claim of discrimination under Title VII, plaintiff must allege "that (1) he belongs to some protected class; (2) he was qualified for the position; (3) he was subjected to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of Cal Davis, Bd. of Tr.*, 225 F.3d 1115, 1123 (9th Cir. 2000). To establish a prima facie case for retaliation in violation of Title VII, plaintiff must allege that "(1) he engaged in protected activity, (2) he suffered an adverse personnel action, and (3) there was a causal link between the two." *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987).

Plaintiff's complaint indicates that his religious discrimination claim is based on the termination of his employment.[2] But plaintiff fails to allege that he was fired because of his religion. Although he alleges that he was not permitted to work as a cashier due to his religion, he does not assert a claim for failure to promote or for unequal terms and conditions of his employment. ECF No. 1 at 5. If he intends to allege discrimination by his employer in not promoting him or approving his transfer to a cashier job, he must allege those facts. With the current complaint, it is not clear how the alleged denial of his request to work as a cashier relates to plaintiff's claim that his employment was wrongfully terminated in violation of Title VII.
/////

---

[2] Plaintiff alleges that he is Sikh.

3

Similarly, plaintiff fails to allege any facts suggesting that the unspecified complaint of discrimination he made in 2014, which presumably is the basis for his retaliation claim, had any relation to the decision to terminate his employment nearly a year later. Simply put, plaintiff's brief and conclusory allegations are insufficient to state a claim under Title VII.

Accordingly, plaintiff's complaint must be dismissed. Plaintiff will be granted leave to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Any amended complaint must allege a cognizable legal theory and state sufficient facts in support of that cognizable legal theory. Thus, should plaintiff choose to file an amended complaint, it shall clearly set forth the allegations that support each claim for relief. It shall also set forth plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: November 5, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE