UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEER BAHADUR SINGH,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | No. 2:17-cv-2186-JAM-EFB PS<br><br><br><br>ORDER |

The court previously granted plaintiff's request to proceed *in forma pauperis*, but dismissed his original complaint with leave to amend pursuant to 28 U.S.C. 1915(e)(2).[1] ECF No. 4. Plaintiff subsequently filed a first amended complaint (ECF No. 5), as well as motion to transfer venue (ECF No. 6).

I. <u>Motion to Transfer Venue</u>

Plaintiff requests that the case be transferred to the United States District Court for the Northern District of California based on his contention that he will not receive a fair trial in this district. ECF No. 6.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy, and

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The party seeking a transfer of venue must show "that venue is proper in the transferor district; that the transferee district is one where the action might have originally been brought; and that transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Vu v. Ortho–McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155–56 (N.D. Cal. 2009) (quoting *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992)).

Plaintiff has not demonstrated that this action could have originally been brought in the Northern District. More significantly, he fails to provide any explanation for his contention that he will not be able to receive a fair trial in this district. Accordingly, plaintiff's motion to transfer venue is denied.

II. <u>Screening Pursuant to Pursuant to § 1915(e)(2)</u>

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); see also Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading

requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Like plaintiff's prior complaint, the text of the first amended complaint contains only vague and conclusory allegations. Plaintiff purports to allege claims styled as "Religious Discrimination, Wrongful Termination in Violation of public policy, and Retaliation." ECF No. 1 at 1. He claims that while he was employed by defendant Target Corporation ("Target"), he was treated unfavorably because of his religious beliefs. *Id*. He further alleges that his "termination was so cruel that it has caused [him] serious emotional harm." *Id*. But the body of the complaint contains no further allegations in support of plaintiff's claims.

However, attached to the complaint is a questionnaire that, according to plaintiff, was prepared by the Sikh Coalition. *Id*. at 2-7. This document includes information regarding plaintiff's employment history and brief descriptions of incidents that occurred during his employment with Target.[2] *Id*. These descriptions indicated that plaintiff began working for Target in 2004 and that in early 2015, after Target began cutting employees hours, plaintiff made multiple unsuccessful requests to work more hours. *Id*. at 3. Plaintiff claims in this attached document that he made several calls to Target's integrity hotline to complain about the number of hours he was allotted, but he was ultimately told by a human resource ("HR") manager that there were no additional hours available in his department. *Id*. at 4. Plaintiff was informed that he could pick up additional hours in the price change department, but he ultimately was not able to receive those hours. *Id*. After further complaints with Target's integrity hotline failed to yield any results, plaintiff asked if he could work as a cashier. Significantly, plaintiff alleges in the

---

[2] Although courts will not normally look beyond the four corners of the complaint in resolving a Rule 12(b)(6) motion, *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997), *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id.*

3

attachment to his complaint that the HR manager informed him that he could not work that position because he wears a turban. *Id*. Plaintiff explained, to no avail, that he was able perform the same duties as other cashiers, and that he wears a turban because of his religion. *Id*.

The questionnaire further alleges that sometime thereafter, a department manager called plaintiff a "middle eastern piece of shit." *Id*. at 4. Plaintiff reported the incident to the integrity hotline, but neither the manager nor plaintiff were interviewed regarding the matter. *Id*. It further alleges that on a different date plaintiff overheard another employee state that plaintiff "is going to get fired so now he can go join ISIS." *Id*. at 6. The questionnaire also claims that while working at Target plaintiff had never been written up and had received good reviews. *Id*. at 5. However, in 2015 he received his first negative review. *Id*. Not long after, on June 1, 2015, plaintiff's employment was terminated after two co-workers falsely accused him of grabbing a "swim noodle (dragon tube)[,] put[ting] it between his legs and" saying "touch my dinosaur." *Id*. at 6.

It can fairly be gleaned from the allegations of the complaint in combination with those contained in the questionnaire that plaintiff is alleging religious discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964.[3] Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color religion, sex, or national origin." 42 U.S.C. § 2000e-2. To state a discrimination claim under Title VII, a plaintiff must allege "that (1) he belongs to some protected class; (2) he was qualified for the position; (3) he was subjected to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of Cal Davis, Bd. of Tr.*, 225 F.3d 1115, 1123 (9th Cir. 2000). To establish a prima facie case for retaliation in violation of Title VII, a plaintiff must allege that "(1) he engaged in protected activity, (2) he suffered an adverse

/////

---

[3] Although plaintiff's amended complaint does not specifically reference Title VII, plaintiff previously filed a copy of a charge he filed with Equal Employment Opportunity Commission that alleges Target violated Title VII. The operative complaint's allegations suggest that plaintiff continues to seek relief under Title VII.

4

1   personnel action, and (3) there was a causal link between the two." *Jordan v. Clark*, 847 F.2d
2   1368, 1376 (9th Cir. 1988); *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987).

3       Liberally construed, the complaint's allegations, including those contained in the
4   questionnaire, sufficiently state a religious discrimination claim based on the denial of plaintiff's
5   request to work as a cashier. Plaintiff alleges that he wears a turban as part of his religious
6   practices. ECF No. 5 at 4. He claims he requested to work as a cashier, but that request was
7   denied because he wears a turban. *Id*. His allegations also indicate that he was qualified to work
8   as a cashier. *See id*. ("what other employer [sic] can do I can do the same."). It can also be
9   inferred from plaintiff's allegations that similarly situated individuals outside his religion were
10  permitted to work as cashiers. Accordingly, these allegations, if accepted as true, establish that
11  defendant violated Title VII by refusing to allow plaintiff to work as a cashier.

12      Plaintiff allegations also sufficiently state a Title VII retaliation claim. He claims that his
13  employment with Target began in 2004, and he did not have any work-related issues until
14  approximately ten years later, shortly after he made a complaint with Target's integrity hotline
15  that his request to work additional hours by switching to a cashier was denied on account of his
16  religious practices, plaintiff. *Id*. at 3-5. He also made another complaint after a different manager
17  called plaintiff a "middle eastern piece of shit." *Id*. 4. Not long thereafter, plaintiff's
18  employment was terminated. *Id*. at 6. Taking these allegations as true, a reasonable inference
19  can be made that plaintiff's employment was terminated due to his complaints of religious
20  discrimination, particularly when they are considered in conjunction with the allegation that the
21  first 10 years of plaintiff's employment with target were incident free.

22      Accordingly, plaintiff's first amended complaint sufficiently alleges religious
23  discrimination and retaliation claims under Title VII.

24      Accordingly, IT IS ORDERED that:

25      1. Plaintiff's motion to transfer venue (ECF No. 6) is denied.

26      2. The Clerk of Court shall send plaintiff one USM-285 form, one summons, a copy of
27  the complaint, this court's scheduling order, and the forms providing notice of the magistrate
28  judge's availability to exercise jurisdiction for all purposes.

3. Plaintiff is advised that the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant;

    c. A copy of the complaint for each defendant, with an extra copy for the U.S. Marshal; and,

    d. A copy of this court's scheduling order and related documents for each defendant.

4. Plaintiff shall supply the United States Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall, within 14 days thereafter, file a statement with the court that said documents have been submitted to the United States Marshal.

5. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. The United States Marshal shall, within 14 days thereafter, file a statement with the court that said documents have been served. If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

6. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

7. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: September 4, 2019.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE