UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEER BAHADUR SINGH,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | No. 2:17-cv-2186-JAM-EFB PS<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

This case was before the court on February 26, 2020, for a status (pretrial scheduling) conference.[1] Attorney Christin Lawler appeared on behalf of defendant; plaintiff appeared pro se. After hearing and pursuant to the parties' joint status report (ECF No. 16), the court enters the following scheduling order:

NATURE OF CASE

This action proceeds on plaintiff's religious discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 against defendant Target Corporation ("Target"). Plaintiff, a former Target employee, claims that he was prohibited from working as a cashier because he is Sikh, and that his employment was terminated based on religious discrimination and in retaliation for participating in protected activities.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(c).

1

## SERVICE OF PROCESS

Service of process is undisputed.

## JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

## JURISDICTION/VENUE

Jurisdiction and venue are not disputed.

## DISCOVERY

All discovery shall be completed by September 25, 2020. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than July 27, 2020.

## EXPERT DISCLOSURE

The parties are to designate in writing, and serve upon all other parties, the names of all experts they propose to tender at trial in accordance with the following schedule: plaintiff's expert disclosures shall be served on or before April 27, 2020; defendants' expert disclosures shall be served on or before May 4, 2020; any rebuttal disclosures shall be served on or before May 18, 2020. The parties shall disclose any witness who will be offered for purposes of rendering an expert opinion, regardless of whether that witness will also render percipient testimony.

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition. Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

/////

The parties shall comply with the information disclosure provisions of Federal Rule of Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert. This information is due at the time of designation. Failure to supply the required information may result in the expert being stricken. All experts are to be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party. Experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation. The court will closely scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

MOTION HEARING SCHEDULES

All law and motion, except as to discovery, shall be *completed* by February 17, 2021. The word "completed" in this context means that all law and motion matters must be heard by the above date. Counsel (and/or pro se parties)[2] are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "Miscellaneous Provisions" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth above.

/////

---

[2] Any reference to "counsel" in this order includes parties appearing *in propria persona*.

*All purely legal issues are to be resolved by timely pretrial motion.* Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. *Counsel are cautioned that the court will look with disfavor upon substantive motions presented in the guise of motions in limine at the time of trial.*

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set before the assigned district judge on June 18, 2021 at 11:00 a.m., in Courtroom No. 6. Counsel are cautioned that counsel appearing at the pretrial conference will in fact try the matter. Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences. *A failure to comply with Local Rules 281 and 282 will be grounds for Sanctions.*

Notwithstanding Local Rule 281, the parties shall submit a joint pretrial statement not later than fourteen (14) days prior to the pretrial conference. The joint pretrial statement shall conform with the requirements of Local Rule 281(b). The undisputed facts and disputed factual issues shall be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issues. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "Disputed Factual Issues" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise issues that will be litigated at trial. The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute. The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of the joint pretrial statement.

/////

1 | Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall not be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order. Plaintiff's exhibits shall be listed numerically; defendants' exhibits shall be listed alphabetically. The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be viewed as an abuse of the court's processes.

Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their duty at the pretrial conference to aid the court in (a) formulation and simplification of issues and the elimination of meritless claims or defenses; (b) settling of facts which should be properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence. The parties must prepare their joint pretrial statement, and participate in good faith at the pretrial conference, with these aims in mind. *A failure to do so may result in the imposition of sanction* which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

TRIAL SETTING

A jury trial is set to commence before the assigned district judge on August 16, 2021 at 9:00 a.m., in Courtroom No. 6. The parties anticipate the trial will take three to five days.

SO ORDERED.

DATED: March 2, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE